UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHEPARD A. HOFFMAN, )
    Plaintiff )
)
V. ) CIVIL NO. 1:08-Cv-11432 -GAO
)
YAROSH ASSOCIATES, INC., et al, )
    Defendants )

## ANSWER OF THE DEFENDANTS, YAROSH ASSOCIATES , INC., AND WALTER YAROSH AND DEMAND FOR JURY TRIAL

1. The Defendants respectfully decline to respond to the statements contained in Paragraph 1 as they do not contain any factual allegations.

2. The Defendants denies the allegations contained in Paragraph 2, except they admit that the Defendant Walter Yarosh is a citizen of Massachusetts, and that Yarosh Associates, Inc. is a Massachusetts corporation.

3. The Defendants admit that the Defendants reside in the District of Massachusetts and otherwise deny the allegations contained in the first sentence of Paragraph 3. The Defendants decline to respond to the second statement contained in Paragraph 3 as it is not a factual allegation but a legal conclusion.

### Parties

4. The Defendants can neither admit nor deny the allegations of Paragraph 4 of the Complaint because they are without knowledge or information sufficient to form a belief as to the truth of the said allegations.

5. The Defendants admit the allegations contained in Paragraph 5.

6. The Defendants admit that Walter Yarosh is a resident of Massachusetts with a principle residence at 344 Davisville Road, Falmouth, Massachusetts and that he is a citizen of Massachusetts but denies that the corporation is a citizen of Massachusetts.

### Facts

7. The Defendants deny the allegations contained in Paragraph 7 including those contained in subparagraphs a through e.

8. The Defendants admit that the Defendant Yarosh Associates, Inc. billed the plaintiff for certain services but denies that the plaintiff paid for those services and further denies that the Co-Defendant, Walter Yarosh individually billed the Plaintiff for any services.

9. The Defendants deny the allegations contained in Paragraph 9 including the allegations contained in the subparagraphs a through f.

10. The Defendants deny the allegations contained in Paragraph 10.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

And answering further, the Defendants say that Plaintiff has failed to join a necessary party to the litigation.

### Second Affirmative Defense

And further answering, the Defendants say that the Plaintiff has failed to mitigate damages in this case.

### Third Affirmative Defense

And further answering, the Defendants state that the Plaintiff has been fully compensated for any and all losses or damages associated with the allegations contained in the Complaint, which allegations are denied and that the Plaintiff has not in fact suffered any monetary damages.

### Fourth Affirmative Defense

And further answering the Defendants say that the Plaintiff is not entitled to recover for purely economic loss.

### Fifth Affirmative Defense

And further answering, the Defendants say that the injuries and damages alleged were not caused by the act or acts of any person for whose conduct the Defendants were legally responsible.

### Sixth Affirmative Defense

And further answering, the Defendants say that this action was not commenced within the time prescribed by the applicable statutes of limitations.

### Seventh Affirmative Defense

And further answering, the Defendants say that the Complaint fails to state a claim against the Defendants upon which relief can be granted.

### Eighth Affirmative Defense

And further answering, the Defendants say that this court lacks jurisdiction.

### Ninth Affirmative Defense

And further answering, the Defendants say that the Plaintiff contributed to the cause of the action and, therefore, the damages, if any, should be diminished in accordance with G.L. c. 231, §85, as amended.

### Tenth Affirmative Defense

And answering further the Defendants say that the claims asserted are barred by the applicable statute of repose contained in M.G.L. chapter 260 § 2B.

### Eleventh Affirmative Defense

And answering further the Defendants say that the plaintiff lacks any reasonable good faith basis in fact or law for the claims asserted against Walter Yarosh, "individually."

Wherefore, the Defendants demand that the Complaint be dismissed and that judgment enter thereon for Defendants, together with costs.

The Defendants demand a trial by jury.

By their attorney,

/s/Jacqueline L. Allen
Jacqueline L. Allen
B.B.O. No. 015450
Law Offices of Jacqueline L. Allen
One Liberty Square, 12th Floor
Boston, MA 02109
617-878-4609

**CERTIFICATE OF SERVICE**

I, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any indicated as non-registered participants on 12/15/2008.

/s/Jacqueline L. Allen
Jacqueline L. Allen